NATALE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**NICOLE M. BOCKELMAN, OSB # 105934**
Assistant United States Attorney
Nicole.Bockelman@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:23-cr-00058-AN** |
| **v.** | **GOVERNMENT'S MOTION FOR CONTINUED PRETRIAL DETENTION** |
| **KASHI ABRAM HARMON,** | |
| **Defendant.** | |

The United States of America, through Natalie Wight, United States Attorney for the

District of Oregon, and Nicole M. Bockelman, Assistant United States Attorney, hereby asks the

Court to detain the defendant pending trial as both a risk of non-appearance and as a danger to

the community.

## I.     PROCEDURAL BACKGROUND

On February 22, 2023, a federal grand jury returned a single-count indictment charging

defendant with Felon in Possession of a Firearm, in violation of Title 18, United States Code,

Section 922(g)(1) (ECF No. 1). Defendant's prior convictions as they are alleged in the indictment include:

(1) Burglary in the First Degree, on or about October 7, 2014, in the State of Oregon, Multnomah County Circuit Court;

(2) Delivery of a Controlled Substance to a Minor, on or about January 7, 2005, in the State of Oregon, Lane County Circuit Court;

(3) Sex Abuse in the Second Degree, on or about January 7, 2005, in the State of Oregon, Lane County Circuit Court.

### A.  First Detention Hearing

On April 20, 2023, defendant was arraigned on the indictment. At the hearing, the government recommended detention. Defendant did not seek release and asked that the issue of detention be reserved. Judge You ordered defendant detained based on risk of danger to the community and risk of flight, with leave for defendant to appear at a detention hearing at a later date. (ECF No. 8).

### II.    FACTUAL BACKGROUND

On November 21, 2022 at 5:19 a.m., Deputy Kevin Johnson responded to a disturbance in Fairview, Oregon. When Deputy Johnson approached the house, he saw a silver, no-plated sedan running in the driveway of the house with an individual sitting in the driver's seat.  The person sitting in the driver's seat was identified as Kashi Harmon, and officers saw a female in the front passenger seat.

Deputy Johnson contacted the reporting party, and then returned to the silver sedan in the driveway to find Deputy Barrett holding Mr. Harmon at gunpoint.  Deputy Barrett ordered Mr. Harmon out of his vehicle and took the Taurus 9mm pistol from the driver's side floorboard.

**Government's Motion for Continued Pretrial Detention**                                                    **Page 2**

Post Miranda, Mr. Harmon explained to Deputy Johnson that the gun was his, and that he purchased the gun three months earlier from a man named Carl Crosswhite for $100. Mr. Harmon stated that he knew he shouldn't have the gun, and said that he wouldn't cause any problems with it and would just have it for protection. Mr. Harmon also admitted to being a long time user of "clear", which Deputy Johnson knew to be methamphetamine.

Deputy Tony Grundmeyer transported Mr. Harmon to custody. While Mr. Harmon was searched prior to be taken into custody at the jail, jail deputies found a small sandwich baggy with six 9mm ammunition rounds in Mr. Harmon's pocket.

III.    **Applicable Law.**

A defendant shall be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  The government normally bears the burden of establishing danger to the community by clear and convincing evidence; risk of flight need be proven by a preponderance of the evidence.  *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Relevant factors include (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, history relating to drug or alcohol abuse, and supervision status at the time of the current offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086.

**Government's Motion for Continued Pretrial Detention**                                        **Page 3**

The Federal Rules of Evidence do not apply in pretrial detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f)(2)(B). Accordingly, both the government and the defense may present evidence by proffer or hearsay. *Winsor*, 785 F.2d at 756.

### a.  The Nature & Circumstances of this Offense, 3142(g)(1)

The nature and circumstances of this offense support detention. The defendant was present at the scene of a disturbance with a gun. The defendant acknowledged that he knew he was prohibited from having a gun but possessed the gun despite the prohibition.

### b.  The Weight of the Evidence, 3142(g)(2)

The weight of the evidence is strong and supports detention here. The evidence of the case stems from Sheriff's Office deputies observing a gun at the defendant's feet and the defendant's own admission of possessing a gun when he knew he was prohibited from doing so. This investigation includes witness statements, photos, eyewitness testimony and the defendant's own admissions detailing how he obtained the firearm.

//

//

//

//

//

//

//

**Government's Motion for Continued Pretrial Detention**                                    **Page 4**

### c. History and Characteristics of the Defendant/ Release Status, 3142(g)(3)

This factor also weighs against the Defendant. Defendant has a criminal history of crimes of violence, sex abuse and fleeing from the police with multiple convictions that include supervision failures.  A list of Mr. Harmon's convictions and probation violations is listed below.

| Crime | Date | Jurisdiction | Sentence | FTA/PV |
|---|---|---|---|---|
| Sex Abuse in the 2nd Degree<br>Sex Abuse in the 3rd Degree | 7/2/92 | Clackamas County | 90 days jail; 36 months probation | 11/1/95 Probation violation; probation extended.<br><br>2/3/97 Probation violation; probation extended.<br><br>7/13/98 Probation violation; probation ordered revoked. |
| Fleeing or Attempting to Elude a Police Officer | 1/21/95 | Multnomah County | 90 days jail; 36 months probation | 5/13/98 Probation violation; probation extended. |
| Resisting Arrest | 4/9/95 | Multnomah County | 18 months probation | 5/13/98 Probation Violation; probation extended. |
| Fleeing or Attempting to Elude a Police Officer | 5/6/98 | Multnomah County | 36 months probation | 7/28/00 Probation Violation |
| Felony Attempt to Elude | 6/12/98 | Multnomah County | 36 months probation | |
| Assault on a Public Safety Officer | 6/27/00 | Multnomah County | 24 months probation | |

**Government's Motion for Continued Pretrial Detention**                                     **Page 5**

| | | | | |
|---|---|---|---|---|
| Possession of a Controlled Substance Assault IV DUII | | | | |
| DUII | 11/14/03 | Linn County | 36 months probation | 4/27/05 Probation Violation; 30 days jail probation extended. |
| Sex Abuse in the 2nd Degree Deliver Controlled Substances to a Minor Deliver Controlled Substance to a Minor | 10/17/04 | Lane County | 30 months prison; 60 months probation | 8/15/07 Probation violation; probation revoked and 40 months prison imposed |
| Failure to Register as a Sex Offender | 3/16/12 | Multnomah County | 20 days jail; 24 months probation | 10/7/14 Probation violation; defendant's probation revoked and 60 days jail imposed |
| Felony Unlawful Possession of Methamphetamine | 12/6/12 | Multnomah County | 12 months probation | 11/22/13 Probation violation; 5 months jail probation revoked |
| Felony Unlawful Possession of Methamphetamine | 4/20/13 | Multnomah County | 18 months probation | 1/2/14 Probation violation; 5 months jail and probation revoked |
| Felony Unlawful Possession of Methamphetamine | 11/3/13 | Multnomah County | 12 months probation | 10/7/14 Probation Violation; probation revoked 60 days jail |

| Burglary in the 1st Degree Attempted Assault in the 2nd Degree | 2/14/14 | Multnomah County | 40 months prison; 36 months post prison supervision | |
|---|---|---|---|---|

It is important to note that at the time that Mr. Harmon was placed under arrest in connection with this case, he was out of compliance with his sex offender registration requirements.  It is also worth noting that a State case was filed in Multnomah County for the underlying incident in this case, Case #22CR56027.  Mr. Harmon was placed in custody for the state case and signed a Supervised Pretrial Release Agreement on November 25, 2022.  In that agreement, Mr. Harmon agreed to appear before the court on December 14, 2022 for his arraignment.  However, Mr. Harmon failed to appear on December 14, 2022, and a bench warrant due to his failure to appear was issued by the court.

On March 29, 2023, the Pre-trial services office of Multnomah County generated a Release Recommendation Report.  In that report, Pre-trial services asked Mr. Harmon about his use of drugs and alcohol.  Mr. Harmon denied drug use and the report documents, "None per defendant".  (Ex. A, page 2).  The report documents Mr. Harmon's extensive criminal history, his multiple felony convictions, his multiple failures to appear and his drug abuse history as demonstrated through his convictions.  In the Release Decision section of the report, Mr. Harmon's Release Assessment Score is a 6, with the report noting that a "score of 6 or more requires a Hold". (Ex. A, page 3). The report provides the release decision recommendation of "defer to court". (Ex. A, page 3).  Ultimately, Mr. Harmon was held in custody due to the federal hold connected to this case.

//

**Government's Motion for Continued Pretrial Detention**                                    **Page 7**

### d. Nature & Seriousness of the Danger Posed by Defendant's Release, 3142(g)(4)

Defendant's presence in the community or potential release to treatment poses a risk of danger for the community and those around him.  Mr. Harmon has an incredibly long and violent criminal history and has repeatedly shown through his conduct that he will not comply with court orders.  The fact that he continues to possess a firearm as a non-compliant sex offender is especially concerning.  Mr. Harmon has been convicted of multiple sex offenses, multiple crimes of violence and multiple counts of fleeing from a peace officer.

Release to inpatient treatment will not sufficiently contain the danger posed by Mr. Harmon.  Inpatient treatment will not provide the security or 24 hour monitoring that Mr. Harmon requires.  None of the danger to the community posed by Mr. Harmon is outweighed by his statement that now he is ready for drug and alcohol treatment.

//

//

//

//

//

//

//

**Conclusion**

In summary, the relevant inquiry for the court is whether there are conditions that can be placed on the defendant that will reasonably assure the safety of the community and the defendant's appearance in court. Here, there are none. The defendant has demonstrated a pattern of being in the community, committing crimes and then failing to comply with the court's orders. The defendant is again before the court after demonstrating that he is not ready to change his behavior.  Defendant's significant criminal history, his inability to follow court orders and his undeterred continued behavior of possessing a firearm jeopardizes public safety and indicates a high risk of danger to the community.  He should be detained.

Dated:  May 17, 2023

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ *Nicole Bockelman*

NICOLE M. BOCKELMAN, OSB# 105934
Assistant United States Attorney